CATERPILLAR TRACTOR
CO., Plaintiff,

v.

COMMISSIONER OF PATENTS AND
TRADEMARKS, Defendant.

Civ. A. No. 84–1212–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

May 28, 1986.

Charles A. Wendel, Burke, Va., James C. Wood, Jeffrey L. Clark, Wood, Dalton, Phillips, Mason & Rowe, Chicago, Ill., for plaintiff.

Fred E. McKelvey, Asst. Sol., U.S. Patent and Trademark Office, Arlington, Va., Dennis E. Szybala, Asst. U.S. Atty., Alexandria, Va., for defendant.

## MEMORANDUM OPINION

BRYAN, Chief Judge.

In this action involving an international patent application the plaintiff attacks, as contrary to a treaty provision, a rule of the Patent and Trademark Office (PTO). The provision and rule relate to "unity of invention," and the practical effect of the PTO's ruling on the plaintiff's application is that the plaintiff will have to file two applications instead of one. The treaty provisions involved are in the Patent Cooperation Treaty (PCT). The matter is before the court on cross motions for summary judgment, both parties agreeing that it is appropriate to resolve the issue presented by such motions.

Rule 13 of the PCT provides, in part:

Rule 13

Unity of Invention

13.1 Requirement

The international application shall relate to one invention only or to a group of inventions so linked as to form a single general inventive concept ("requirement of unity of invention").

13.2 Claims of Different Categories

Rule 13.1 shall be construed as permitting, in particular, either of the following two possibilities:

(i) ...

(ii) in addition to an independent claim for a given process, the inclusion in the same international application of one independent claim for one apparatus or means specifically designed for carrying out the said process.

The words "specifically designed" are what give rise to the present controversy.

The PTO rule, which allegedly is in conflict with the PCT rule, reads as follows:

In addition to a claim for a given process, a claim for one apparatus or means specifically designed for carrying out of the said process, *that is, it cannot be used to practice another materially different process.*

37 CFR 1.141(b)(2) (emphasis added).

The PTO interprets this regulation to mean:

Process and apparatus for its practice can be shown to be distinct inventions, if either or both of the following can be shown: (1) that the process *as claimed* can be practiced by another materially different apparatus or by hand, or (2) that the apparatus *as claimed* can be used to practice another and materially different process.

MPEP § 806.05(e).

If the rule and interpretation of the PTO conflicts with the PCT, it runs afoul of

Article 27 of the PCT which provides in part:

(1) No national law shall require compliance with requirements relating to the form or contents of the international application different from or additional to those which are provided for in this Treaty and the Regulations.

An example, while not completely analogous, may help to illustrate the issue. If the process was the removal of a man's beard from his face, and a safety razor was the apparatus, the PTO rule and interpretation would hold that, because the razor could also be used to scrape paint from a pane of glass it was not "specifically designed" for removal of the beard. It would also hold that because the process could be performed with the use of a straight razor the safety razor was not "specifically designed" for the removal of the beard.[1]

The court finds the added [emphasized] portion of the PTO rule, quoted above, and its interpretation to be contrary to the PCT and thus contrary to law.[2]

Only a lawyer would have a problem with what appears to the court to be the plain language of the PCT. And that plain language refutes the interpretation which the PTO gives the language and which it says is no different from that language. The PTO's position is that its interpretation

---

1. The specific application here was much more complicated than the example. Here, the plaintiff sought to apply for an international patent for a process or method of making a toothed segment used in the drive sprocket of the final drive assembly of Caterpillar crawler tractors. The drive sprocket receives the power of the diesel engine. The toothed segments engage the chain of the track that propels the tractor. Plaintiff's application claimed the invention of a forging process, which included use of a three-part forging die. This process obtained the close tolerances needed on three crucial surfaces of the toothed segment so that no machining of those surfaces was required before mounting on the final drive assembly. Claims 1 to 4 of the application relate to the method of forging a sprocket segment for a track-type vehicle undercarriage; claims 5 through 9 are directed to an apparatus, including the three-part die, for forging the track-type undercarriage sprocket segment to the desired, finished dimension.

The PTO here initially ruled that the plaintiff's application did not comply with the requirements of unity of invention under the PCT because the method in claims 1 to 4 could be performed by a two-segment die, in addition to the three-segment die contemplated in the application. PTO's acting group director later found Caterpillar's protest to be unjustified, and upheld the patent examiner's findings. The acting group director also ruled that the apparatus as claimed (i.e., the three-segment die) could be used in a materially different process: a process of making a corrugated member. The Assistant Commissioner upheld the prior PTO decisions, *In re Caterpillar Tractor Co.*, 226 U.S.P.Q. (BNA) 625 (July 22, 1985), and reiterated his position on reconsideration, 228 U.S.P.Q. (BNA) 77 (November 26, 1985).

2. The court adopts, as its standard of review, the "not in accordance with law" standard of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A).

is the only one which accords the word "specifically" any meaning; and that the interpretation urged by the plaintiff could be accomplished by use only of the word "designed" without the preceding adverb. Perhaps, but it does not follow that the PTO's interpretation of the word "specifically" is the correct one. The PTO's interpretation, as expressed in its opinion, is that "specifically designed" means " . . . that the process and apparatus can only be used with each other." *In re Caterpillar Tractor Co.*, 226 U.S.P.Q. (BNA) 625, 639 (July 22, 1985) (Dec. Comm'r.Pat.). In the court's view this is an unreasonable interpretation.

The record in this case is voluminous, but it consists mainly of what is the equivalent of the legislative history of the treaty and opinions in favor of or in opposition to one or the other interpretation of the PCT provision. As such it is not the sort of factual record which is normally binding on the court in this type of review of an agency ruling, and the court need not resort to it to determine the issue presented. Nor is the court inclined to accord substantial deference to an agency's interpretation that its own regulation is not in conflict with a treaty provision. *See Association of American Railroads v. United States*, 603 F.2d 953, 962 (D.C.Cir.1979).

The court will therefore grant summary judgment to the plaintiff. The rejection by the PTO of the plaintiff's application is contrary to law.

### ORDER

For the reasons set forth in the Memorandum Opinion this day filed, it is ORDERED and DECLARED that:

1. Summary judgment is awarded in favor of the plaintiff Caterpillar Tractor Co. against the defendant Commissioner of Patents and Trademarks.

2. The July 22, 1985 determination by the Assistant Commissioner for Patents, adhered to on reconsideration on November 26, 1985, that the invention defined by the plaintiff's method claims 1–4 and the invention defined by plaintiff's apparatus claims

5–9 lack "unity of invention," is contrary to law.

3. The action of the Commissioner of Patents and Trademarks, as represented by the said determination, on plaintiff's International Application Number PCT/US 82/01455 is reversed, and this action is remanded to the Commissioner of Patents and Trademarks for proceedings consistent with the Memorandum Opinion, namely, to treat and process the plaintiff's application as one complying with the requirements of "unity of invention."